945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe L. ROBINSON, Plaintiff-Appellant,
v.
UNITED STATES of America, United States Congress,
Defendants-Appellees.
 No. 91-3300.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Joe L. Robinson, a pro se Ohio resident, appeals the district court's order dismissing his action filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive, declaratory, and monetary relief, Robinson sued the United States and the United States Congress based upon two unsuccessful legal actions which he instituted in the United States District Court for the Southern District of Ohio. In 1984, Robinson sued his former employer for employment discrimination, and in 1986 he sued his union for discrimination and failure to represent him. Robinson now asserts that his constitutional rights were violated by the manner in which the district court handled his cases. As relief, Robinson sought: (1) an injunction directing the United States government and Congress to stop putting federal judges in office who are prejudiced against blacks and other minorities; (2) an injunction directing the government to pay his back wages, medical bills, insurance, and court costs; (3) the appointment of counsel to represent him, because he lost his previous cases due to the negligence of the district court judges; (4) mailing of a copy of his complaint to every member of Congress at their own expense; and (5) an order reopening his cases so they can be tried in Washington, D.C., where he can have a black jury. Subsequently, Robinson filed an amended complaint asking the court to declare that the actions of the district court judges while presiding over his previous trials were not judicial actions.
 
 
 3
 After de novo review of the magistrate's report and recommendation in light of Robinson's objections, the district court adopted the magistrate's report and recommendation and dismissed the case. The district court found: (1) that Robinson had failed to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6); (2) that Robinson had failed to serve the summons and complaint on any of the named defendants within 120 days as required by Fed.R.Civ.P. 4(j); (3) that the only person upon which Robinson had obtained service was a federal judge, who was not a named defendant, and who was protected by absolute judicial immunity. Robinson has filed a timely appeal. Robinson requests the appointment of counsel and the preparation of a transcript at government expense in his appellate brief.
 
 
 4
 Upon de novo review, we conclude that the district court properly dismissed Robinson's action for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). When Robinson's complaint is construed in the light most favorable to him and all of his factual allegations are accepted as true, he can prove no set of facts in support of his claims that would entitle him to relief. See Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 5
 Accordingly, the requests for counsel and for a transcript at government expense are denied, and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.